```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
CARL MOORE,                             :
                        Petitioner,     :
                                        :    09 Civ. 7236 (DLC)
            -v-                         :
                                        :    MEMORANDUM OPINION
MR. HEATH, Superintendent,              :         AND ORDER
                        Respondent.     :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On June 16, 2010, the Honorable Debra Freeman recommended that the petition for a writ of habeas corpus, filed on July 27, 2009 pursuant to 28 U.S.C. § 2254 by Carl Moore ("Moore"), be denied ("Report").  Moore has not filed any objections to the Report.  The Report is adopted for the reasons explained below.

BACKGROUND

Following a bench trial, Moore was found guilty of one count of robbery in the second degree, one count of robbery in the third degree, and one count of grand larceny in the third degree.  He was sentenced as a persistent felony offender to concurrent indeterminate terms of imprisonment of sixteen years to life on the second-degree robbery count, two to four years on the third-degree robbery count, and two to four years on the grand larceny count.  The evidence at trial established that Moore snatched Susan Drummond's ("Drummond") purse and bags from her as she was turning onto Calhoun Avenue from Sampson Avenue

in the Bronx.  Drummond resisted Moore's attempt to steal her property, and in the ensuing struggle Moore bit Drummond's left hand between her thumb and forefinger.  Moore succeeded in taking Drummond's bags and purse, but he was then apprehended by several bystanders while trying to flee.

When EMS personnel arrived at the crime scene, they discovered that Moore had bit Drummond so hard that his teeth had pierced through a woolen glove she was wearing and left bite marks on her hand.  The wound was also bleeding in several places.  Approximately an hour and a half after the incident, Drummond went to a hospital emergency room.  At that time, her hand was still bleeding, although not heavily.  Hospital staff cleaned and bandaged Drummond's entire hand and gave her antibiotics, but Drummond was able to move her fingers and she did not require stitches.  Drummond reported, however, that the wound was quite painful and over the next two weeks she was required to keep her hand bandaged and was unable to use it.  For the ten to fourteen days following the incident, Drummond took prescription pain medication to ease the throbbing pain and swelling.  For some period thereafter, she continued to take aspirin for pain relief.

On January 3, 2008, the Appellate Division, First Department rejected the single ground raised by Moore on appeal:

that the evidence adduced at trial was legally insufficient to support the verdict as to robbery in the second degree, since it failed to establish that the victim's physical condition had been impaired.  People v. Moore, 848 N.Y.S.2d 654 (1st Dep't 2008).  The New York Court of Appeals denied leave to appeal on May 6, 2008.  People v. Moore, 10 N.Y.3d 867 (2008).

DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  Wilds v. United Parcel Serv., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat.1214, modified the standard under which federal courts review Section 2254 petitions where the state court has reached the merits of the federal claim.  Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (d)(2).  State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  Id. at § 2254(e)(1).

Moore claims, but fails to show, that there was insufficient evidence to support the verdict.  Specifically, Moore contends that there was inadequate evidence to demonstrate that Drummond's injury constituted an "impairment of [her] physical condition" -- an element of second-degree robbery.  The Report outlines the facts underlying the Appellate Division's conclusion that there was adequate evidence to find that the wound to Drummond's hand was an "impairment of physical condition."  The Report also cites to extensive New York precedent which demonstrates that Drummond's injury is clearly within the bounds of what New York courts have held to be an "impairment of physical condition."  Since the petitioner did not object to the Report's findings and they are not clearly erroneous, the Report is adopted.

CONCLUSION

The July 27, 2009 petition for a writ of habeas corpus is denied.  In addition, the Court declines to issue a certificate of appealability.  Moore has not made a substantial showing of a

denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The petitioner's failure to file written objections precludes appellate review. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED:

Dated:   New York, New York
         December 14, 2010

_____
          DENISE COTE
United States District Judge

COPIES SENT TO:

| | |
|---|---|
| Carl Moore<br>06-A-1493<br>Sing Sing Correctional Facility<br>354 Hunter Street<br>Ossining, NY 10562 | Hon. Robert T. Johnson<br>District Attorney, Bronx County<br>198 East 161st Street<br>Bronx, NY 10541 |

Magistrate Judge Freeman